■ Leonard Kulago et al., Appellants, v. Patrick Esposito, Respondent. — This is an appeal by plaintiffs-appellants from a verdict of the jury in favor of the defendant in an action to recover property damage sustained by the plaintiffs. The case was tried in the Chemung County Court before Judge Donald H. Monroe and a jury on the 12th of September, 1956. On February 8, 1956, the plaintiffs were the owners of real estate located along Route 328 in the county of Chemung. The defendant was proceeding along said route when his automobile left the highway and struck certain trees and fences of the plaintiffs for which this action to recover damages is brought. Plaintiffs produced nine witnesses, which included a deputy sheriff who investigated the accident, Joyce Marie Spittel, an eye witness, and the defendant. It

was agreed that it was a "bad day"; that the road was "icy — extremely icy"; that the road where the accident happened was straight and level in both directions; that there was a crown in the center of the road and that the road in general sloped away from the property of the plaintiffs. All of the witnesses called by plaintiff, including defendant, estimated his speed at from 15 to 20 miles per hour with the exception of the witness Spitell who testified it might have been 30 to 35 miles an hour but on cross-examination the testimony on her accuracy as to speed was conflicting. There was testimony without objection to the happening of two other accidents in the same locale, one just prior and the other shortly after the one in issue. In both instances the drivers were allowed to testify that the manner in which they were operating their cars at the time was safe. The defendant testified without objection as follows: " Q. Can you tell me why you skidded? A. I have no idea. Q. Was it anything that you did with respect to the operation of your car? A. No, sir." One of the police officers was asked by the attorney for the plaintiffs the following: " Q. Now, what did Mr. Esposito tell you about how the accident happened? A. I questioned him as to how the accident happened. He said he skidded on the ice. ' Of course, he applied his brakes to try to avoid hitting the house and naturally kept skidding and hit the spruce trees, hit the fence and then hit the spruce trees." The defendant produced one witness, the driver of a Chrysler automobile involved in a prior accident and referred to by one of the deputy sheriffs in his testimony. Plaintiffs contend that the verdict was against the weight of evidence. We find this without merit and, at best, the proof presented a question of fact which has been resolved in favor of the defendant. The remaining contention of the plaintiffs was that the court erred on its charge with reference to "skidding". It appears that before and after advising the jury as to skidding not being negligence, the court instructed them that to find negligence, they must be satisfied that he (defendant) operated his truck in a careless and negligent manner under the circumstances and conditions existing at the time of the accident, taking into consideration the condition of the road, the weather, other traffic and visibility. This sufficiently elaborated the question of negligence. Judgment affirmed, with costs to the defendant-respondent. Foster, P. J., Herlihy and Reynolds, JJ., concur; Bergan and Gibson, JJ., dissent, in the following memorandum. This verdict in favor of the operator of a motor vehicle who ran onto private land and caused damage is in our view against the weight of the evidence; and there should be a new trial in any event because of the failure of the judge to explain adequately to the jury the rule that although skidding in itself is not negligence, the operation of a vehicle in a place where it will skid may be negligence.